**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4199**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

BRIAN EDWARD RIVERS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:09-cr-01093-PMD-1)

_____

Submitted:  September 29, 2011    Decided:  November 3, 2011

_____

Before WILKINSON, MOTZ, and WYNN, Circuit Judges.

_____

Vacated in part and remanded by unpublished per curiam opinion.

_____

Cameron J. Blazer, Assistant Federal Public Defender,
Charleston, South Carolina, for Appellant.  William N. Nettles,
United States Attorney, Matthew J. Modica, Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On October 25, 2010, Brian Edward Rivers pleaded guilty, pursuant to a plea agreement, to possession with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006), and use and carry of a firearm during and in relation to, and possession in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006). The charged criminal conduct occurred on or about July 10, 2009. The district court sentenced Rivers on February 15, 2011, to a cumulative term of 120 months in prison.

Rivers now appeals, claiming that the district court erred when it failed to apply the provisions of the Fair Sentencing Act of 2010 (FSA) in imposing his sentence. The Government has filed a motion, with the consent of Rivers, to remand to the district court for resentencing in accordance with the amendments wrought by the FSA. We grant the motion and accordingly vacate Rivers' sentence and remand the case to the district court to permit resentencing.

By this disposition, however, we do not indicate a view as to whether the FSA is applicable to a defendant such as Rivers, whose offense conduct occurred before the August 3, 2010 enactment of the FSA, but who was sentenced after that date. We

2

leave that determination in the first instance to the district court.*

<u>VACATED IN PART</u>
<u>AND REMANDED</u>

---

\* We note that at Rivers' sentencing hearing, counsel for the defendant unsuccessfully argued for application of the FSA. Nevertheless, in light of the Attorney General's revised view on the retroactivity of the FSA, as well as the development of case law on this point in other jurisdictions, we think it appropriate, without indicating any view as to the outcome, to accord the district court an opportunity to consider the matter anew.